Mr. Justice Wylie
delivered the opinion of the court.
There were a number of orders made in this case, hut we do not propose to review them, nor to express any opinion in regard to them. The case was carried through the Orphans’ Court, until an order was made on the 19th of October, 1878, upon which alone our decision is based. It reads as follows :
“ District or Columbia, to wit:
“The United States of America,
“ To Frederick Douglass, U. S. Marshall, D. C., Greeting :
“You are hereby commanded to take into your custody the body of Richard H. Marsh, who stands convicted of contempt of this court, in that the said Richard H. Marsh having been ordered by a decree passed by this court June 29, A. D. 1878, after due proceedings, to give an additional bond as guardian to the orphans of William H. Fanning, deceased, within ten days from that day, and afterward, to wit, on the 10th day of September, A. D. 1878, having been directed and required to pay into the registry of this court within fourteen days, the sum of $3,012.25, funds in his hands belonging to his wards, has failed to comply with either of said orders, after due and reasonable notice to him in person given, and being attached and brought to the bar of this court, and fined the sum of three thousand and twelve dollars and twenty-five cents, having failed to pay the said fine as aforesaid.
“And him, the said Richard H. Marsh, you shall safely deliver to the custody of the warden of the jail of the Dis *34 trict of Columbia, who is hereby required and commanded to keep him, the said Richard H. Marsh, in safe custody in the said jail, until the further order of this court, and for so doing, this shall be your and his sufficient warrant.
“ Witness, A. B. Olin, Associate Justice of the Supreme Court of the District of Columbia, holding the Special Term of said Supreme Court for Orphans’ Court business for the District, this nineteenth day of October, A. D. 1878.”
The petitioner was fined the sum of $3,012, and for failure to pay that fine on the spot, he was committed to jail, there to remain until the further order of the court.
We think it is necessary that every commitment should set out upon its face the cause for which the prisoner is committed, and the term for which he is to suffer imprisonment. The cause is sufficiently set out in the order of commitment, but the term is unlimited, and it might last for this man’s life, because it would depend upon the order of the court whether he should be let out. Even although h'e paid the fine, that would not entitle him to be released, because there is no such provision in the commitment. It does not say that he shall be detained until the money is paid, nor is the imprisonment limited by any possible period save the will of the court.
We have not gone into the regularity of the prior proceeding, because the case does not call for it. After Marsh had been committed by Mr. Justice Olin, a writ of habeas corpus was sued out by permission of Mr. Justice Humphreys, and after a protracted hearing, the judge remanded him to prison, on the ground that he did not propose to interfere with a sentence which had been pronounced by another judge of this court ■, and it is contended that as this case is here on appeal from the order of Mr. Justice Humphreys, we are confined to the grounds of his decision.
But that is not our view. The case is here on appeal, and we are not to inquire whether the court was right, in its reasons for remanding Marsh to prison. Wfe are reviewing the propriety of the order, whatever the reasons might have *35 been. Marsh was remanded to jail, aud the case is on appeal, and we are to decide it upon its merits.
There is another return to which we have as yet paid no attention, and that is, that after this order of Mr. Justice Olin, which is addressed to the marshal directing the imprisonment of Marsh, the marshal issued his commitment as follows:
“ U. S. Marshal’s Office,
“ Washington City, D. C., October 19, 1878.
“ Mr. J. S. Crocker,
“ Warden U. S. Jail, D. C.
“ Receive into your custody the following named .prisoner for safe keeping : R. H. Marsh.
“ Frederick Douglass, U. S. Marshal, D. C.
“ By L. P. Williams, Deputy.”
And the warden returns that he holds this prisoner upon that commitment. That commitment amounts to nothing. In the first place, the marshal has no right to imprison anybody upon his own orders. He is not a judicial officer, and has no jurisdiction in the matter. In the next place, there is no cause stated for the commitment, nor is the amount of punishment specified. So.far as that paperis concerned—and it is the only paper the warden returns for the imprisonment of Marsh—it presents no excuse.
But we know how the facts are in regard to the management of the jail. The warden’s duty, as prescribed by law, is to receive such prisoners as may be sent there by the court, or in pursuance of lawful authority. The order of the court, which we ‘have looked into, and upon which we have based our decision, preceded this. It is dated the same day, to be sure, but it is the order of commitment, directed to the marshal, that he should arrest and imprison Marsh. We do not think that in a case of this kind we are limited to the direction the marshal gives to the warden. If he gives one, we look to his authority because he has authority to turn over prisoners in his charge to the custody of the warden.
The prisoner is discharged.